**Steven N. ROSE, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, Plaintiffs,**

v.

**CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., Defendant.**

**No. 93 C 1386.**

United States District Court, N.D. Illinois, E.D.

March 24, 1993.

William J. Sneckenberg, John W. Billhorn, Barry C. Kessler, Thomas F. Nedderman, Chicago, IL, for plaintiffs.

James A. Clark, Terry James Smith, Rosemary Krimbel, Schiff, Hardin & Waite, Chicago, IL, for defendant.

### MEMORANDUM AND ORDER

LINDBERG, District Judge.

Plaintiff has filed a complaint alleging violations by defendant of the Fair Labor Standards Act (FLSA). 29 U.S.C. §§ 201, et seq. Before the court is plaintiff's motion for a preliminary injunction. Plaintiff:

[R]equests this Court to:

A. Enter an immediate order restraining Defendant and/or the USDOL from distributing or soliciting any additional "Receipt for Payment of Back Wages" which contain release and waiver language as appears on Exhibit A;

B. Enter an additional and immediate order restraining Defendant and or the USDOL from accepting or processing any additional "Receipt" which is received from an other employee;

C. Declare any such "Receipt" already received and processed by Defendant and the USDOL as *null and void* with respect to the waiver and release language contained therein, or in the alternative, set an immediate briefing schedule on that issue; and

D. For such other relief as the Court deems appropriate under the circumstances.

Plaintiff states the facts that led to this motion for a preliminary injunction as follows:

4. The USDOL [United States Department of Labor] and CED [defendant] have apparently reached an agreement with respect to certain employees' back wages. In fact, on or about March 17, 1993, named Plaintiff herein received by certificate [sic] mail a "Receipt for Payment of Back Wages."

. . . .

5. Also received by ROSE via the same certified mailing was a draft in the amount of $3,102.44, allegedly representing back wages due and owing ROSE. The Defendant employer's branch manager, "Ray", enclosed personal directions to ROSE to "sign and fill in where marked (x) . . . . . . . and return to me.". . . .

6. The "Receipt" offered by the US-DOL and Defendant included, in classic "small print", release language which purports to waive an employee's remaining relief under the F.L.S.A. Specifically, said small print is as follows:

> NOTICE TO EMPLOYEE—your acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for such back wages under that Section 16(b) of that Act. Section 16(b) provides that an employee may bring suit on his/her own behalf for unpaid minimum wages and or overtime compensation and an equal amount as liquidated damages plus attorney's fees and court costs. Generally, a 2–year statute of limitations applies to the recovery of back wages. Do not sign this report unless you have actually received payment of the back wages due.

There are numerous difficulties with plaintiff's request for a preliminary injunction. Before stating these specifically, there are certain facts that must be noted.

These facts are that (1) at this time, the only party plaintiff is the individual Steven N. Rose; (2) at this time, the only party defendant is Consolidated Electrical Distributors, Inc.; and (3) the statute applicable to the claims made in this action contains a provision stating in part:

> The Secretary [of Labor] is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.

29 U.S.C.A. § 216(c) (West 1992 Supp.); see also 29 U.S.C.A. § 203(q) (West 1978) (" 'Secretary' means the Secretary of Labor."). The difficulties with plaintiff's motion may now be stated.

First and foremost, plaintiff is asking this court to restrain precisely what the applicable statute says the Secretary is authorized to do, "supervise the payment of the unpaid minimum wages or the unpaid compensation owing to any employee or employees under section 206 or section 207," because he does not like the statutory consequence that "the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) . . . to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages." 29 U.S.C.A. § 216(c) (West 1992 Supp.). The statute provides an incentive for employers to pay what they owe their employees under the supervision of the Secretary, that incentive being avoidance of additional liability to which the employer would be subject if sued by the Secretary or individual employees. The statute also gives the employees a choice; they may take the money immediately and forego their rights to additional damages, or they may forego the immediate money and pursue their rights to additional damages. From the motion for preliminary injunction, it is apparent that the statute is being followed in this case and that this is precisely what plaintiff seeks to prevent. Second, what plaintiff is asking would require a preliminary injunction not directed at defendant and binding on the USDOL as a "person[ ] in active concert or participation with" defendant, but rather directly against a non-party, the Secretary. See FRCP 65(d). Third, plaintiff is seeking to enforce the rights of non-parties who are potential members of a class that is not yet in existence. His standing to do so is questionable; whether all, most, or even a handful would want him to do so is open to question since what he seeks would deny them the opportunity to choose an immediate payment rather than a later

payment and/or membership in a class which would be plaintiffs in this lawsuit. These basic difficulties also come into play when analyzing the factors considered with respect to the issuance of preliminary injunctions.

As the Seventh Circuit has stated:

> The district court's exercise of discretion in issuing a preliminary injunction is guided by four familiar factors:
>
> (1) whether the plaintiff will have an adequate remedy at law or will be irreparably harmed if the injunction does not issue;
>
> (2) whether the threatened injury to the plaintiff outweighs the threatened harm the injunction may inflict on the defendant;
>
> (3) whether the plaintiff has at least a reasonable likelihood of success on the merits; and
>
> (4) whether the granting of a preliminary injunction will disserve the public interest.

*O'Connor v Board of Education of School District No. 23*, 645 F.2d 578, 580 (7th Cir. 1981).

As to the first factor, plaintiff will not be harmed at all if the injunction does not issue; indeed, he does not argue to the contrary. Instead, he argues that certain non-plaintiffs will be irreparably harmed, not because they will be bound by the releases signed in order to get their back wages paid immediately, which plaintiffs alleges "will undoubtedly ultimately be found to be ineffectual," but rather because "the 'chilling' effect imposed upon employees who are otherwise unaware of the additional rights possessed under the F.L.S.A. will cause certain employees to abandon otherwise meritorious claims for liquidated damages, a third year of back pay, pre-judgment interest, etc." However, the "Notice to Employee," which contrary to plaintiff's argument is quite prominent in the context of the form on which it appears, adequately apprises these potential class members of what rights they are giving up to receive immediate payment of back wages. Even if plaintiff could assert the rights of these non-plaintiffs, the facts would not warrant a finding that they would be irreparably harmed in the absence of the injunction sought.

As to the second factor, there is no threatened harm to plaintiff, so this factor clearly weighs against issuing the injunction. Moreover, if the non-plaintiffs were to be considered, the threatened harm asserted by plaintiff to them, that they would be "chilled" from later asserting certain claims in return for the immediate payment, would have to be weighed against the threatened harm to defendant, that defendant may be required to pay additional damages (and to pay for the defense of the court actions) to employees who would have accepted the sum that they could get now for back wages if the injunction did not issue. Moreover, even this does not state fully the weighing, as for some of the employees involved receipt of the back wages now in return for waiver of the additional damages that might be recoverable in a lawsuit may well be a net benefit rather than a harm. Thus, even if the non-plaintiffs are considered, this factor does not favor issuance of the preliminary injunction.

As to the third factor, there is some difficulty. It would appear that plaintiff may well have at least a reasonable likelihood of success on the merits of the lawsuit proper against defendant; but that really has only a little to do with the preliminary injunction requested. This is because, the preliminary injunction requested would enjoin defendant and the USDOL from in effect settling back wages claims with willing employees on terms set by the applicable statute. See 29 U.S.C.A. § 216(c) (West 1992 Supp.). With the USDOL or the Secretary not even a party defendant, and with no claim made that goes directly to the issue raised by the motion for a preliminary injunction, a simple finding of likelihood of success on the merits of the claims brought is necessary but not sufficient to finding that this factor favors issuance of a preliminary injunction. What is missing is that plaintiff must also be likely to succeed on a claim that the Secretary and defendant may not settle the back wages claims with willing employees as the applicable statute provides they may, and on that issue plaintiff cannot show a reasonable likelihood of success on the merits. This factor,

also, does not favor issuance of a preliminary injunction.

As to the fourth and final factor, it is sufficient to state that the public interest with respect to plaintiff's request for a preliminary injunction is expressed in Section 216(c) of title 29 of the United States Code. Under the circumstances of this case, the public interest is that, under the supervision of the Secretary, employees who are willing to forego other damages to which they might be entitled receive payment of back wages without going through a law suit. Issuance of the preliminary injunction requested would therefore be directly contrary to the public interest as expressed in the applicable statute. 29 U.S.C.A. § 216(c) (West 1992 Supp.). Therefore, this factor as well does not favor granting the preliminary injunction sought.

Accordingly, plaintiff's motion for a preliminary injunction will be denied.

ORDERED: Plaintiff's motion for a preliminary injunction is denied.